Felicita **JUAREZ–GUERRA, Petitioner,**

v.

**John D. ASHCROFT, U.S. Attorney General, Respondent.**

No. 02–70658.

INS No. A70–927–215.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided March 6, 2003.

Before CHOY, FERGUSON and BOOCHEVER, Circuit Judges.

## MEMORANDUM**

Felicita Juarez–Guerra petitions for review of the Board of Immigration Appeals' ("BIA") final decision dismissing her appeal from the denial of her application for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and withholding of removal under the Convention Against Torture ("the Convention"). In her petition, Juarez–Guerra argues that the BIA erred in dismissing her appeal. She also argues that the Immigration Judge ("IJ") did not allow her to present a full defense because he excluded her testimony regarding her son's presumed murder. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

### I. Dismissal of Juarez–Guerra's Appeal

We review the BIA's ruling that an applicant has not proven eligibility for asylum and its decision that an applicant is not entitled to withholding of removal under the substantial evidence standard. *See Cardenas v. INS*, 294 F.3d 1062, 1065 (9th Cir.2002); *Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir.2002). Therefore, the BIA's decision must be affirmed if it is supported by reasonable, substantial, and probative evidence in the record. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

The Attorney General may grant asylum to refugees, persons who are unable or unwilling to return to their country of origin because of "a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion[.]" 8 U.S.C. § 1101(a)(42)(A); *see also* § 1158(b). If the applicant can establish past persecution, there is a rebuttable presumption that he or she has a well-founded fear of future persecution. *See Salazar–Paucar v. INS*, 281 F.3d 1069, 1074, *amended by* 290 F.3d 964 (9th Cir.2002). An applicant is entitled to withholding of removal under

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the INA if it is more likely than not that he or she will be persecuted based on one of the protected grounds if returned to the country of removal. *See* 8 U.S.C. § 1231(b)(3)(A); *Kataria v. INS*, 232 F.3d 1107, 1113 (9th Cir.2000). If it is more likely than not that he or she will be tortured if returned to the country of removal, he or she is entitled to withholding of removal under the Convention. *See* 8 C.F.R. § 208.16(c)(2); *see also* § 208.18(a)(1) (defining torture).

In the present case, Juarez–Guerra testified that she left Guatemala because guerrillas came into her family's store, stole items, and threatened to kill her if she reported them. She also believes that the guerrillas killed her son and that the same thing will happen to her if she returns to Guatemala. However, she does not know with whom the guerrillas are associated. She argues that she has suffered past persecution and has a well-founded fear or future persecution based on political opinion. Even assuming that these acts constitute persecution, Juarez–Guerra is not eligible for asylum because she did not establish that the persecution she suffered, or would suffer upon her return, was based on a political opinion that she was known to have or was imputed to her. *See Sangha v. INS*, 103 F.3d 1482, 1486–87 (9th Cir.1997). Juarez–Guerra's failure to meet the standard for asylum necessarily constitutes failure to meet the more stringent standard for withholding of removal. *Cf. Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995). Further, Juarez–Guerra's did not present any evidence in support of her claim that it is more likely than not that she would be tortured if forced to return to Guatemala.

There is substantial evidence supporting the BIA's rulings that Juarez–Guerra is not eligible for asylum or withholding of removal under the INA or for withholding of removal under the Convention. The BIA did not err in dismissing her appeal.

## II. Exclusion of Testimony

Juarez–Guerra argues that the IJ erred in excluding her testimony regarding the presumed murder of her son by the guerrillas. However, even assuming, *arguendo*, that the IJ erred in excluding the testimony, the error is harmless because the BIA considered the excluded testimony. The BIA ruled that, even assuming that Juarez–Guerra's son was murdered by the guerrillas, Juarez–Guerra failed to establish that it was an act of persecution based on one of the protected grounds. Therefore, a new hearing is not warranted.

Petition DENIED.